UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELANO F.,

                      Petitioner,

      - against -

THOMAS D. SINI and KIRSTIN ORLANDO,

                      Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

21-CV-04734 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Delano F. ("Petitioner") pled not responsible by reason of mental disease or defect on two counts of arson in the third degree on March 14, 2016. (Doc. 1, "Petition" ¶ 65). Petitioner thereafter moved to withdraw or vacate his not responsible plea on May 5, 2017, which the New York State Supreme Court denied by Decision and Order dated August 30, 2017. (*Id.* ¶¶ 94, 97). Petitioner appealed the trial court's denial of his motion to the Appellate Division, Second Department. (*Id.* ¶ 99). The Appellate Division dismissed the appeal by Decision and Order dated October 2, 2019, holding that the New York Criminal Procedure Law did not permit an appeal of the denial of a motion to withdraw or vacate a not responsible plea. (*Id.* ¶ 100). Petitioner requested leave to appeal the Appellate Division's dismissal to the New York Court of Appeals, but that request was summarily denied on February 26, 2020. (*Id.* ¶¶ 101-105). Petitioner is currently confined in the Mid-Hudson Psychiatric Center located in Orange County, New York as a consequence of his not responsible plea. (*Id.* ¶ 6).

      Petitioner initiated this action—a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241—to restore his plea of not guilty and vacate the August 30, 2017 Order of the New York State Supreme Court denying Petitioner's application to withdraw or vacate his plea of not responsible by reason of mental disease or defect. (Doc. 1; Doc. 2). Respondents opposed the

Petition on June 15, 2022 (Doc. 26), accompanied by a supporting memorandum of law (Doc. 27, "Opp."). Petitioner filed a reply in further support of the Petition on September 16, 2022. (Doc. 46; Doc. 47, "Reply"). On May 18, 2023, Magistrate Judge Davison issued a Report and Recommendation ("Report") recommending that the Petition be denied. (Doc. 49). Petitioner filed an objection to the Report on July 31, 2023. (Doc. 57, "Obj."). Respondents stated, by letter dated August 21, 2023, that they would not be bringing objections to the Report. (Doc. 60).

## STANDARD OF REVIEW

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[1] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). If a party timely objects to the findings or recommendations of the magistrate judge, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997) (quoting 28 U.S.C. § 636(b)(1)).

An exception to the *de novo* standard of review exists when the objections raised "are nonspecific or merely perfunctory." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). The Court should, in such cases, review the Report and Recommendation "only for clear

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

2

error." *Id.* Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). However, written objections that take "issue with a specific legal conclusion in the report and recommendation" are entitled to *de* novo review. *Id.* Finally, "if a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded." *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

## DISCUSSION

Petitioner objects to the Report on two grounds: (1) Magistrate Judge Davison erred in concluding that the Petition is properly analyzed under 28 U.S.C. § 2254; and (2) Magistrate Judge Davison erred in concluding that Petitioner failed to exhaust his claims before obtaining federal habeas review. (*See* Obj.). The Court addresses each of these grounds *seriatim*.

I.    Applicability of 28 U.S.C. § 2254

Magistrate Judge Davison concluded that 28 U.S.C. § 2254—and not 28 U.S.C. § 2241—governs the Petition because "Petitioner here seeks to challenge the validity of his underlying plea in criminal court that resulted in his commitment to the psychiatric institution, as opposed to the conditions of that commitment." (Report at 9). Petitioner objects to this conclusion and argues that 28 U.S.C. § 2254 "only applies to state court 'judgments'" and as such cannot apply to the instant case because "a plea of not responsible, and orders denying motions for vacatur or withdrawal of a not responsible plea are not criminal court judgments." (Obj. at 3-4). Petitioner raises a "specific written objection to the proposed findings and recommendations" with respect to the applicability of 28 U.S.C. § 2254 and as such, the Court will review *de novo* the Report's conclusion that the Petition is governed by Section 2254. *See Miller*, 43 F.4th at 121 (citing Fed. R. Civ. P. 72(b)(2)).

The "ordinary vehicle" for a state prisoner is 28 U.S.C. § 2254, "under which such a prisoner may have his sentence vacated or set aside." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). "[A] writ of habeas corpus under § 2241 is available" to a prisoner "who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Id.*; *see also Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A challenge to the execution of a sentence, however, is properly filed pursuant to Section 2241."). "Challenges to the conditions of confinement in a mental institution are often brought pursuant to § 2241(c)." *Henry v. Murphy*, No. 17-CV-05852, 2018 WL 7291456, at *2 n.5 (S.D.N.Y. Oct. 31, 2018) (citing *Tejeda v. Reno*, 2000 WL 1280969, at *1 (S.D.N.Y. Sept. 11, 2000)). "Challenges to the commitment itself"—such as the one Petitioner brings here—"are properly brought pursuant to § 2254." *Id.* (citing *Buthy v. Comm'r of Office of Mental Health of New York State*, 818 F.2d 1046, 1051 (2d Cir. 1987)).

Magistrate Judge Davison relied on the Second Circuit's decision in *Francis S. v. Stone*, 221 F.3d 100, 108 n.10 (2d Cir. 2000), in concluding that Section 2254 governs the Petition. (Report at 10). The Second Circuit, in *Francis S.*, noted that Section 2254 applies to petitions seeking habeas relief from an order recommitting a defendant who pled not responsible by reason of mental disease or defect. 221 F.3d at 108 n.10; *see also Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (holding that a habeas challenge to a parole board order revoking parole—although not a state court judgment—is nevertheless governed by Section 2254). Petitioner does not cite to any controlling authority that provides that a habeas petition seeking relief from commitment proceedings should be governed by Section 2241. The instant case is analogous to the fact pattern that was before the Second Circuit in *Francis S.* 221 F.3d 100. Just as an order recommitting a defendant who pled not responsible is governed by Section 2254, an

order denying a motion to withdraw or vacate a not responsible plea is governed by Section 2254 as well. Petitioners in both instances seek to challenge the commitment itself rather than any condition of confinement and as such, the Court adopts Magistrate Judge Davison's well-reasoned conclusion that Section 2254 applies to the Petition.

II.     Exhaustion of State Court Remedies

Magistrate Judge Davison concluded that Petitioner failed to exhaust his claims because "the statutory scheme prevented the Appellate Division from reviewing" the merits of Petitioner's claims. (Report at 14). Petitioner objects to this conclusion and argues that he "sought one full round of review and nothing more is required." (Obj. at 20). Petitioner raises a "specific written objection to the proposed findings and recommendations" with respect to the exhaustion of state court remedies and as such, the Court will review *de novo* the Report's conclusion that Petitioner failed to exhaust his claims. *See Miller*, 43 F.4th at 121 (citing Fed. R. Civ. P. 72(b)(2)).

Before a petitioner may seek habeas corpus relief under Section 2254 in a federal district court, he must first exhaust all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). "The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of habeas corpus brought under § 2254." *Hudson v. New York State Dutchess Cnty. Dist. Att'y*, No. 21-CV-0626, 2021 WL 1087954, at *2 (S.D.N.Y. Feb. 18, 2021) (citing *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

Petitioner, on April 17, 2018, appealed the denial of his motion to withdraw or vacate his not responsible plea to the Appellate Division, Second Department. (Doc. 31 at 249). The

Appellate Division determined that Petitioner could not appeal the denial of his motion because no statutory authority existed under the New York Criminal Procedure Law to permit such an appeal. *People v. Delano*, 176 A.D.3d 736, 738 (N.Y. App. Div. 2019). Petitioner requested leave to appeal the Appellate Division's dismissal to the New York Court of Appeals, which was summarily denied on February 26, 2020. *People v. Delano*, 142 N.E.3d 1141 (N.Y. 2020).

Magistrate Judge Davison reasoned that "Petitioner's pursuit of an unauthorized appellate remedy following denial of his motion by a trial court cannot be viewed as full exhaustion, at least not where Petitioner had recourse to an additional state remedy that would enable appellate review." (Report at 13). Magistrate Judge Davison relies on *Smith v. Annucci* in reaching this conclusion. No. 20-CV-06620, 2022 WL 10510247, at *7 (W.D.N.Y. Oct. 18, 2022). The court in *Smith* held that the "purpose of the exhaustion requirement would be utterly defeated" if federal review was allowed for a petitioner who had presented their claim to the state court "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it," was nevertheless permitted to pursue habeas relief. *Id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). That is precisely the case here. The Appellate Division found that Petitioner's appeal of the denial of his motion was not authorized by the New York Criminal Procedure Law. Petitioner pursued the appeal of the order denying his motion to withdraw or vacate his not responsible plea in a manner that the Appellate Division "could not, consistent with its own procedural rules, have entertained." *Smith*, 2022 WL 10510247, at *7.

Petitioner could have, as Magistrate Judge Davison points out, pursued an alternative state remedy by "petitioning for a state writ of habeas corpus pursuant to CPLR § 7002." (Report at 13). Petitioner does not dispute the availability of this state remedy but argues that "[s]tate habeas relief was not obvious." (Report at 14). Whether or not the state remedy is "obvious" is not relevant to

6

the exhaustion inquiry. Section 2254 requires Petitioner to exhaust "the remedies available in the courts of the State" with the exception that such exhaustion is not required where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Direct appeal from the state court order denying Petitioner's motion to withdraw the not responsible plea was not available under New York law, as the Appellate Division found. *Delano*, 176 A.D.3d at 738. State habeas review, in contrast, was available to Petitioner and as such, Petitioner cannot be "[d]eemed to have exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(c).[2] Accordingly, the Court adopts Magistrate Judge Davison's well-reasoned conclusion that Petitioner failed to exhaust his state court remedies.

## CONCLUSION

For the foregoing reasons, Petitioner's objections to the Report are overruled. The Court adopts the Report in full. The Petition is, accordingly, DENIED. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   White Plains, New York
         October 25, 2023

_____
PHILIP M. HALPERN
United States District Judge

---

[2] This conclusion is the same under 28 U.S.C. § 2241 because "decisional law has superimposed [an exhaustion] requirement in order to accommodate principles of federalism." *United States ex rel. Scranton v. New York*, 532 F.3d 292, 294 (2d Cir. 1976).